# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv309

| | |
|---|---|
| JIMMY DEAN GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 12]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** the Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits on January 15, 2010. (Transcript of Administrative Record ("T.") 127.) Plaintiff alleged an onset

date of December 15, 2007. (T. 127.) The Social Security Administration denied Plaintiff's claim. (T. 62.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 69.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 24-38.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 12-19.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his March 21, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 19.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

(2) The claimant has not engaged in substantial gainful activity since December 15, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*)

(3) The claimant has the following severe impairments: bilateral degenerative joint disease of the knees and obesity (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) that does not require stair or ladder climbing, or squatting.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on May 10, 1964 and was 43 years old, which is defined as a younger individual age 18-44, on the alleged onset date (20 CFR 404.1563).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the nation economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2007, through the date of this decision (20 CFR 404.1520(g)).

(T. 14-19.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. **Analysis[1]**

A. **The ALJ Erred in Considering Plaintiff's Mental Impairments at Step Two**

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis in original).

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: bilateral degenerative joint disease of the knees and obesity. (T. 14.) The ALJ also partially addressed the alleged mental impairments, but found that they were not severe. Specifically, the ALJ found that:

> The claimant did not allege any mental limitations or learning difficulties at the time he filed his application. However, at the disability hearing the claimant indicated that he had received special education resources. The evidence in the record does not support a limitation in cognitive ability and the claimant's work history does not support functional deficits.

(T. 15.) The above quoted language constituted the extent of the ALJ's analysis as to Plaintiff's mental impairments, including cognitive functioning.

As a threshold matter, the Wide Range Achievemant Test score in the record reflects that Plaintiff had an IQ of between 70-75 (T. 207), which alone would

-6-

suggest borderline intellectual functioning. See Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985); Davis v. Astrue, Civil Action No. 5:11-00408, 2012 WL 4018899 (S.D.W. Va. Aug. 9, 2012). In fact, a full scale IQ of 60 through 70 is the first prong of Listing 12.05 mental retardation. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Part A, § 12.05; Jackson v. Astrue, 467 F. App'x 214, 217 (4th Cir. 2012) (unpublished). Moreover, the fact that the IQ score was recorded while Plaintiff was still in elementary school does not necessarily render the score irrelevant. As other courts have explained, "a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in the claimant's intellectual functioning." Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001); see also Luckey v. U.S. Dept. of Health & Human Servs, 890 F.2d 666, 668 (4th Cir. 1989); Talavera v. Astrue, 697 F.3d 145, 152, (2nd Cir. 2012); Maresh v. Barnhart, 438 F.3d 897, 900 (8th Cir. 2006). And while the ALJ need not accept the validity of an IQ score, even when it is the only score in the record, Hancock v. Astrue, 667 F.3d 470, 474 (4th Cir. 2012), the ALJ must at a minimum provide a sufficient reason in the decision for doing so in order to allow this Court to conduct a meaningful review. The ALJ in this case failed to offer any grounds for rejecting the IQ score and offered little more than a cursory discussion of Plaintiff's alleged mental impairments despite evidence of Plaintiff's borderline intelligence.

The ALJ's failure to address the IQ score in the record is all the more critical in this case because of the additional evidence in the record supporting Plaintiff's borderline intellectual functioning. For example, Plaintiff testified that he was enrolled in special education classes his entire time at school[2], that he cannot read or write very well, that he dropped out of school after the tenth grade, and that he did not get a GED. (T. 27.) Plaintiff also performed very poorly in school (T. 207), and Plaintiff contends that he cannot read the newspaper or most letters that he receives (T. 189). Plaintiff's standardized test support Plaintiff contention regarding his reading ability; while in the sixth grade, Plaintiff read on a second grade level (T. 213). Put simply, the ALJ's cursory rejection of Plaintiff's alleged mental impairment is not supported by substantial evidence in the record. Accordingly, remand is required for the ALJ to fully assess Plaintiff's mental limitations, in particular his intellectual functioning.

>   **B.    The RFC Determination of the ALJ is not Supported by Substantial Evidence in the Record**

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§

---

2  The Court notes that the Disability report, which Plaintiff did not fill out, reflects that Plaintiff did not attend special educations classes. (T. 147). Whether or not Plaintiff attended special education classes, however, is not dispositive of the issue, and the Court would reach the same conclusion in this case even if the facts clearly demonstrated that Plaintiff never attended special education classes.

404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) that does not require stair or ladder climbing, or squatting." (T. 15.) The ALJ did not incorporate any limitations related to Plaintiff's intellectual functioning into the RFC, did not limit Plaintiff to unskilled or semi-skilled work, and did not discuss in the decision why such limitations were not required in this case despite the evidence of Plaintiff's borderline intellectual functioning. As such, the RFC provides that Plaintiff can perform a full range of sedentary work, including skilled work, so long as it does not require stair or ladder climbing or squatting. (T. 15.) Moreover, most sedentary occupations, "fall

within the skilled, semi-skilled, professional, administrative, technical, clerical, and benchwork classifications." 20 CFR Pt. 404, Subpt. P, App. 2, § 201.00(a); see also Parravan v. Colvin, No. 2:12cv472, 2013 WL 5701531 (E.D. Va. Oct. 18, 2013).

Based upon a review of the record, the Court finds that the RFC is not supported by substantial evidence in record. The ALJ's finding that Plaintiff could perform a full range of sedentary work with no restrictions for intellectual functioning is contradicted by the evidence in the record; the record reflects that Plaintiff has limitations related to his intellectual functioning that would restrict Plaintiff to a more limited range of sedentary work than Plaintiff's RFC.[3] Because the ALJ erred in failing to address Plaintiff's intellectual functioning, remand is required for the ALJ to properly assess the extent of any such limitations and assess a RFC that accurately reflects all of Plaintiff's impairments. See generally, SSR 85-16, 1985 WL 56855, at *3 (1985); 20 C.F.R. § 404.1545(a). On remand the ALJ should determine the scope of Plaintiff's intellectual functioning and make a RFC determination that incorporates any limitations based on Plaintiff's intellectual functioning.

Finally, the Court notes that the ALJ's determination that Plaintiff has a

---

3  It will be up to the ALJ on remand to determine, based on the evidence in the record, whether Plaintiff is limited to unskilled work, semi-skilled work, or some other limitation.

limited education is also not supported by substantial evidence in the record. Although Plaintiff did complete the 10th grade, which would normally constitute a finding of limited education where there is no evidence to contradict such a finding, 20 CFR § 404.15654, there is evidence in the record contradicting a finding that Plaintiff has a limited education. As previously discussed, Plaintiff stated that he was in special education classes, Plaintiff performed very poorly in school, Plaintiff testified that he could not read at a corresponding level to his education, Plaintiff had an IQ in the 70-75 range, and according to his standardized test scores, read well below his grade level. The ALJ assessed the limited education category without discussing any of this evidence. On remand, the ALJ should assess Plaintiff's education category based on all the evidence in the record and provide a rational for any such determination in the decision. Although the ALJ may reach the same decision on remand, the decision should set forth sufficient reasoning to allow this Court to conduct a meaningful review and should discuss the evidence in the record.

VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 10], **DENY** the Commissioner's Motion for Summary Judgment [# 12], and **REMAND** this case.

Signed: January 9, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).